Filed 10/21/22 P. v. Prieto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094853 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F02476) |
| v. | |
| JESUS ALEJANDRO PRIETO, | |
| Defendant and Appellant. | |

Defendant Jesus Alejandro Prieto appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95 (now section 1172.6).[2]  He contends the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)  For purposes of clarity and conformity with the petition, we will refer to the statute as section 1170.95 throughout the opinion.

1

trial court performed improper factfinding at the prima facie stage. We will affirm the judgment.

## BACKGROUND

On March 6, 2004, defendant was involved in a driveby shooting resulting in the death of Donald Monroe and injuries to several other people. (*People v. Prieto* (Dec. 15, 2008, C052361) [nonpub. opn.].) A jury found defendant guilty of first degree murder (§ 187, subd. (a)), and found true four related allegations and special circumstances: defendant was a principal in the murder in which at least one principal intentionally and personally discharged a firearm causing death (§ 12022.53, subds. (b)-(e)(1)), the commission of the murder was done for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), the murder was intentional and perpetrated by discharging a firearm from a motor vehicle (§ 190.2, subd. (a)(21)), and defendant intentionally killed Monroe while being an active street gang member for the street gang (§ 190.2, subd. (a)(22)). The jury also found defendant guilty of three counts of attempted murder (§ 664/187), finding true the allegation for each that the attempted murders were done for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

At trial, the jury was instructed on the natural and probable consequences theory for murder generally. For first degree murder specifically, the jury was instructed on two theories under CALCRIM No. 521: (1) deliberate and premeditated murder and (2) murder by shooting a firearm from a motor vehicle. For the latter, the instructions stated: "The defendant committed this kind of murder if: [¶] 1. The defendant Jesus Prieto was a principal in the offense charged, and another principal in the offense charged shot the firearm from a motor vehicle; [¶] 2. And the person who shot the firearm intentionally shot at a person who was outside the vehicle; [¶] AND [¶] 3. The defendant Jesus Prieto, and the actual shooter, both intended to kill that person." The first degree murder instructions stated, "All other murders are of the second degree."

In April 2006, defendant was sentenced to an indeterminate term of life without the possibility of parole for murder and 25 years to life for the gun enhancements, and a determinate term of 28 years four months for the remaining convictions and allegations.

On February 3, 2021, defendant filed a petition for resentencing under section 1170.95. The petition alleged he was convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder due to changes to sections 188 and 189, effective January 1, 2019, because he was not the actual killer, did not act with the intent to kill, nor was he a major participant who acted with reckless indifference to human life.

On August 23, 2021, after briefing on the petition by both parties, the trial court denied the petition by written order. The trial court first reviewed the jury instructions for defendant's trial, which included instructions on the "natural and probable consequences doctrine for both murder and attempted murder," "two theories of first degree murder," and the instructions for the special circumstance findings. It then found defendant was ineligible for relief because the jury necessarily found defendant had the intent to kill when it found true two special circumstance findings.

DISCUSSION

Defendant asserts the trial court performed improper factfinding at the prima facie stage when it relied on the jury instructions to determine the jury necessarily found he had the intent to kill. He also asserts the jury instructions for the special circumstance findings cannot be the basis for summarily denying his petition because he did not actually litigate the special circumstances at trial. The People contend the jury finding defendant guilty of first degree murder means it necessarily found defendant had the intent to kill, which renders defendant ineligible for relief as a matter of law. We agree with the People.

3

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine, as it relates to murder. (Stats. 2018, ch. 1015, § 4; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) To that end, Senate Bill No. 1437 amended sections 188 and 189 " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

The bill also added section 1170.95, which permits persons "convicted of felony murder or murder under the natural and probable consequences doctrine" to petition for resentencing if the person "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3).) On January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) became effective, modifying the procedures under section 1170.95. Now, after a properly filed petition is received, the prima facie review process is as follows: (1) the trial court must appoint counsel, if requested; (2) the prosecutor files a response; (3) the defendant may file a reply; and (4) the court then "shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If a prima facie case is made, the court must issue an order to show cause and hold an evidentiary hearing where the prosecutor must then establish, beyond a reasonable doubt, the defendant is guilty of murder or attempted murder under amended sections 188 or 189. (§ 1170.95, subd. (d)(1)-(3).) But "[i]f the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

The trial court here properly relied on the jury instruction to discern defendant's ineligibility as a matter of law at the prima facie stage. As our Supreme Court has stated, "the parties can, and should, use the record of conviction to aid the trial court in reliably

4

assessing whether a petitioner has made a prima facie case for relief under [section 1170.95,] subdivision (c)," but cannot "engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) Discerning what the jury found is not weighing evidence; it is determining what the *factfinder* found after the *factfinder* weighed the evidence. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 546-547 [analyzing jury instructions to determine prima facie eligibility]; *People v. Garcia* (2022) 76 Cal.App.5th 887, 894-895 [same].) Here, defendant was convicted of first degree murder, and could have been found guilty only under two theories: (1) premeditated and deliberate murder, or (2) driveby murder with the specific intent to kill. Both theories are still valid theories of murder given the necessary finding of a specific intent to kill Monroe. (*People v. Romero* (2022) 80 Cal.App.5th 145, 152 ["a petitioner is ineligible for resentencing if he or she . . . acted with the intent to kill"].) Defendant argues he could have been convicted under the natural and probable consequences theory, citing the jury instruction and the prosecutor's closing argument. But the natural and probable consequence instruction was not given for first degree murder, and defendant does not contend the prosecutor argued otherwise in closing statements. The jury instructions did not permit the jury to find defendant guilty of first degree murder under the natural and probable consequences theory and we presume the jury followed the instructions. (*People v. Avila* (2006) 38 Cal.4th 491, 574.) Consequently, we must conclude defendant was not convicted of murder under any invalid theory, rendering him ineligible for resentencing under section 1170.95 as a matter of law. And though the trial court relied on the special circumstance findings, we affirm on any valid basis. (*Flagship Theatres of Palm Desert, LLC v. Century Theatres, Inc.* (2011) 198 Cal.App.4th 1366, 1377, fn. 7.)

Defendant also implies the trial court erred by summarily denying his petition without holding a prima facie hearing, but this argument too fails. Holding a hearing is now explicitly required under the section 1170.95 prima facie procedures. Though the

5

petition was denied before these changes were effective, these changes are retroactive. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006-1007.) But we find this error harmless.

The *Watson*[3] standard is applied to any procedural errors made under section 1170.95. (*Lewis, supra*, 11 Cal.5th at p. 973.) Thus, defendant has the burden of showing it is reasonably probable his petition would have proceeded to an evidentiary hearing if the proper prima facie procedures were followed. (*Id.* at p. 974; see also *People v. Watson, supra*, 46 Cal.2d at p. 836.) Defendant cannot make this showing because he is ineligible as a matter of law and no evidence could be brought forward that could change this. Thus, the error in not holding a prima facie hearing was harmless.

### DISPOSITION

The judgment (order) denying defendant's petition is affirmed.

         /s/
         BOULWARE EURIE, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
KRAUSE, J.

---

[3] *People v. Watson* (1956) 46 Cal.2d 818.